IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNIS FRENCH,

    Plaintiff,

v.                                             CASE NO.:

BAY CARS SOUTH, LLC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Dennis French, (hereinafter referred to as the "Plaintiff" or "French"), by and through his undersigned attorney, sues the Defendant, Bay Cars South, LLC (hereinafter referred to as the "Defendant" or "Bay Cars"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for age and disability discrimination in the terms and conditions of his employment in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331.

3. This action lies in the Northern District of Florida, Panama City

Division, because the unlawful employment practices were committed in this judicial district.

4. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 11, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129805) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100626). On November 23, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on August 23, 2022.

## PARTIES

5. Plaintiff is a citizen of the State of Florida who resides in Lynn Haven, Florida.

6. Defendant, Bay Cars South, LLC, is a business that is licensed to do and does business in the State of Florida, Bay County.

## FACTS

7. Plaintiff is a seventy-four (74) year old Caucasian male.

8. Plaintiff was employed by Defendant, Bay Cars South, LLC (BCS) in

Panama City, Florida as a salesman from March 13, 2020, until March 10, 2021.

9. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner.

10. On March 1, 2020, Plaintiff was hired by Bay Cars (owned by George Gainer at the time) owner's son and manager, Jeffrey Gainer.

11. On March 1, 2021, George Gainer sold the dealership.

12. The name of the new owner is Bay Cars South, LLC, Hendersonville Hyundai LLC, d/b/a Bay Hyundai & Chief Automotive, LLC.

13. Plaintiff worked an additional nine (9) days after Defendant assumed ownership, from March 1, 2021, through March 9, 2021.

14. Plaintiff showed up at the dealership each day and performed his duties as a salesperson as required.

15. Defendant issued Plaintiff a tablet, which it required of all sales staff to utilize.

16. Defendant also required the sales staff to sign a new commission contract called the Salesperson Pay Plan, which Plaintiff signed on March 5, 2021.

17. On March 1, 2021, Plaintiff attended a meeting where the new owner, gave brief welcoming speech and stated that nothing was going to change.

18. On March 08, 2021, one week after taking over, sales manager, Mr. Nobles (age 72) was terminated.

19. On March 10, 2021, Plaintiff (age 74) was terminated with no reason being given.

## FIRST CAUSE OF ACTION
*Age Discrimination in Employment Act ("ADEA")*

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 19 and of this complaint with the same force and effect as if set forth herein.

21. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

22. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

23. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than twenty (20) employees.

24. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of his age.

25. As a result of the wrongful and unlawful discriminatory actions that lead to his discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate

against Plaintiff because of his age and therefore Plaintiff is entitled to liquidated damages.

26.  Plaintiff has retained the undersigned attorney to assist him in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

27.  Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a)  Declaring the acts and practices complained of herein are violation of the ADEA;

    b)  Enjoining and permanently restraining those violations of the ADEA;

    c)  Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d)  Directing Defendant to place Plaintiff in the position he would

have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the ADEA;

e) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADEA;

f) Awarding liquidated damages in the amount of the above-requested award, pursuant to ADEA;

g) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADEA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

h) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: November 17, 2022.

By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com

              **THE LAW OFFICES OF**
              **CLAYTON M. CONNORS, PLLC**
              4400 Bayou Blvd., Suite 32A
              Pensacola, Florida 32503
              Tel:  (850) 473-0401
              Fax: (850) 473-1388
              *Attorney for Plaintiff*